152460, United States of America v. Christopher Ritchey. Arguments not to exceed 15 minutes per side. Mr. Nelson for appellant. Good afternoon. May it please the court. I'm Paul Nelson on behalf of Christopher Ritchey and I'd like to reserve four minutes for rebuttal. Mr. Ritchey is challenging the application of the Armed Career Criminal Act enhancement at his sentencing based on two grounds which are somewhat related and at the outset I would like to note, as the Supreme Court did in the Mathis case, that the argument I'm making may be, may seem somewhat counterintuitive in light of the underlying statute here. But Mr. Ritchey's arguments are first, and the argument that was initially raised before Mathis was decided, that the determination by the district court that he was an armed career criminal was not supported by the record that the information provided by the government did not meet the burden of proving that his convictions were for violent felonies. And Michigan breaking and entering statute is indivisible and as such it's over broad and no convictions under the Michigan breaking and entering conviction, excuse me, breaking and entering statute can be used to enhance a sentence as an armed career criminal. So it's pure categorical approach not looking at any indictment papers or anything he says in a plea hearing, right? Under Mathis, yes. And just to refresh my recollection, what space is it that one could burgle under the Michigan statute that is not a building? It's in fact the Michigan. Bars and stuff, vehicle? The Michigan statute. Why is this over broad? Pardon? Why is the Michigan statute? Well because among other things that in fact the first, and I have trouble describing what they are, the first location I guess would be a tent, but it also includes railroad cars and automobiles I believe. I mean that's enough, okay. And so there are things that a person can break into that would not fall within the scope of... It seems like the big question here, I mean obviously we'll hear what Mr. Prezant has to say about Mathis and so on, but the big question here is why isn't there an outright waiver as opposed to forfeiture given counsel's statement at the sentencing hearing that he is an armed career criminal under, he qualifies for the statute. Counsel says that, at that point, you know, Judge Yonker doesn't have any occasion to look at the same issue the court looked at in Mathis, and so why isn't it just outright waived? If I may, Your Honor, the record, this is an issue that was fought over during virtually the entire time that he pleaded guilty in the plea transcript, Judge Yonker discussed that in some detail about the possible issues and possible ramifications of that. The initial pre-sentence report scored him as an armed career criminal. That was objected to on the grounds that the record up to that point did not contain sufficient information. There was, the final PSR was filed, there was an amended, there were objection and amended objection, both of which raised that issue. Then the government filed its sentencing memorandum, and after the government filed its sentencing memorandum with those attachments, the defense filed its sentencing memorandum and still argued that there was not sufficient evidence to establish that he was an armed career criminal. That that issue... Does defense counsel just yield at the end of the day? I mean, defense counsel is the one who says he was breaking into garages, you know? And I mean, as I understand it, I just, I'm asking you to correct me if I'm misunderstanding the record, but defense counsel says, yeah, well, it appears they do qualify as generic burglary because it turns out that one of them was for entering a garage, another one was a barn, another one was a garage. Another one was a detached garage, another one's a store. I mean, he's got to stop doing these burglaries. That's a separate point. And then he says, so, you know, I mean, the words are, so he qualifies for armed career criminal status, but he doesn't qualify for career offender as an enhancement. And we're here about armed career criminal status. So, you know, I'm kind of putting myself in the shoes of Bob Yonker and, you know, what's he supposed to do? Then go on and sort of on his own, you know, figure out Mathis here? Well, I think when defense counsel indicated that it appears that he would qualify as an armed career criminal and then Judge Yonker looked at the record that Judge Yonker considered the information that the government provided and indicated that based on the government's information that the court independently determined, the court didn't say independently, but the court determined that these were proper predicates for armed career criminal status. And then at that point, the court indicated that the objection to career, to armed career criminal status was preserved. Did the court say that? Yes. I'm sorry. See, this is why I'm asking you these questions. Where did the court say that? You know, or you could tell us in rebuttal if you like. My note says page 15, Your Honor, of the sentencing transcript. Okay. I'll look that up. And I'll relent so that you can say what you want or somebody else can ask you questions. The court, yes, Judge Yonker, just to make clear, Judge Yonker went through, I guess, if I was just talking to someone, I'd say the mess that was out there about this whole line of cases. And Judge Yonker said he described that and the possibility of this. And then he said, so whatever objections the defense had made are certainly preserved. Thank you. Yeah, I forgot about that. And I think that the, from the point of view of what the, even the purpose behind preserving objections, that at that point it was all out there. Judge Yonker understood what the arguments were. Judge Yonker made his decision and indicated that he made the decision based on what the government submitted. What's our standard of review? Is it plain error or is it just the usual? We believe it's de novo review, Your Honor, because determination of whether an offense is a violent felony, the cases say that that would be de novo review. And we had some cases back before Mathis that indicated that it would be a violent felony, right? And in fact, I don't know if I was pouring salt in a wound or not, the Sanders case that both Judge Ketledge and you were on. We've gotten over it, don't worry. I think the, I would have perhaps cited it as vacated on other grounds. That's the way I put it. And again, I spoke with Mr. Sanders' attorney about this, just kicking this around. And I'm not trying to rat him out on anything, but I think the judgment in that case was significantly different from the judgment in this case. In what way? There, where it's the judgment said for the judgment of conviction form abbreviated his crime as, quote, B ampersand E OCC DWEL COM L. Which this court, I think the district court and this court, interpreted that to mean that it was breaking and entering an occupied dwelling, depending on who you talk to, either under the common law or might have been, I think someone said, to commit larceny. That was a Tennessee case, right? No, that was a Michigan. It was the same statute as this. In this case, the judgment forms, all of the judgment forms merely said MCL 750.110. The analysis is not what a person was charged with. The analysis is not what he did. But the analysis is what he was convicted of. The elements. And based on that, and, again, it may drift over into the Mathis argument that since the statute covers things that fall within the definition of building or structure and other things that would not, that the statute is overbroad. As far as Mathis is concerned, the Supreme Court said at page 2256, the threshold inquiry of whether these are elements or means is easy. It says where a state court decision definitively answers the question, then that's pretty much it. Here we cited cases consistently. The Michigan Court of Appeals, as far as we know, the Michigan Supreme Court has not addressed the issue. But the Michigan Court of Appeals have said that the elements of breaking and entering are breaking into a building, entering the building, and committing a felony or with the intent to commit a felony. I can never remember what the last element or so is. But it says building, but the statute includes several things that. If you break into a boat or a tent, it still counts, doesn't it? Well, it does still count. And the statute does, the Michigan statute does say that breaking into, the first thing it says is a tent. It lists certain other things and says, or other building. And then it goes on again and lists other things. And I think that building was being used in a, I don't like to say the word generic, but I think more of a generic form, not in the Taylor statute. It redefines the tent as a building. That that's it, that they just lump everything together. And that's what the state jury instruction that we cited also says. Building. It says building, and then there's an alternate and said, if requested, the court may give the list of tent, so on, so on, railroad car, and all those other things. Under your theory, do you want it sent back down to the district court for reconsideration of this statute, whether it could be divided or whatever, or you're just saying it as a matter of law under Mathis that it can't be, and so it can't be sentenced under the Armed Career Criminal Act? On the Mathis argument, if the court decides on the Mathis argument, then that should be it. Without consideration of the Armed Career Criminal Act. If the court decides that on the first issue in terms of it's a divisible statute, our position is that the government had an opportunity to prove that. The battle was fought. The government submitted what it thought was necessary, and that apparent, that we, it's our position that that's not enough, and the government shouldn't get a second bite at the apple. So, if that decision is made, then it still should be sent back just with a maximum sentence of 10 years under the felon in possession. All right, you'll have your rebuttal time. May it please the court, Justin President for the United States, I was also trial counsel in the district court. Last month in Mathis versus the United States, the Supreme Court provided additional clarification on when a statute is, when a state statute is divisible, and therefore subject to the modified categorical approach for the purposes of the sentencing enhancement under the Armed Career Criminal Act. And what the majority in Mathis said is that where a state statute sets out alternatively phrased components, if those components are means, mere factual aspects of the state statute, and are not elements that need be pled by the state prosecutor, and charged by the state court trial judge, and agreed upon unanimously by the state court jury, that under those circumstances where the alternatively phrased components are means and not elements, that the statute is not divisible, and therefore not subject to the modified categorical approach. Now before the Supreme Court in Mathis was an Iowa statute, an Iowa, I'll call it a burglary statute, a burglary-like statute, and I use those caveats because it covered the alternatively phrased components were the places that could be burgled under Iowa law, and some of those places are covered by the Taylor definition of generic burglar, and some of those places are not. Now the Michigan statute here that was relied upon to enhance Mr. Ritchie's sentence also suffers from, on its face, the same problem as the Iowa statute. It prescribes breaking and entering into places that were approved by the Supreme Court for the generic burglary definition in Taylor. It also covers places that are not Taylor approved. I understand. Like a tent? A railroad car, I guess. A railroad car. I will reserve for the argument whether a tent could someday be considered a structure. I'm not sure if this court has precedent on that issue. I haven't found it. But certainly boat or ship or railroad car would not meet the definition. A lot of stuff that isn't within generic burglary. Correct, but also buildings and structures. If you look at it at kind of a continuum, I mean, in one sense the Iowa statute was, I mean, same kind of thing, except it had included things that are even more removed from being a building. I would suggest, I mean, land, water, or air vehicle, you know. I guess vehicle, if vehicle's supposed to be a part of all three of those. I don't know. Anyway, it just, it, they're very similar conceptually. I think the Iowa statute and the Michigan statute structurally in terms of covering Taylor approved structures and Taylor disapproved places are similar on their face in that regard. Here's where the difference is between Michigan law and Iowa law. And the difference is really in the state case law and the state practice with respect to that statute. And what the Mathis majority said is they said that in order for sentencing courts or reviewing courts like this one to determine whether a state statute still meets the generic burglary definition, the sentencing court needs to refer to state law. It's a state law question primarily. And Mathis was an easy case in that sense for the Supreme Court because there was a decision of the Iowa Supreme Court that said the place burgled is a means and not an element. The jury doesn't have to agree upon it. And what the dissenting justice in Mathis said, Justice Alito wrote an opinion and Justice Breyer wrote an opinion that was joined by Justice Ginsburg. And they said that Iowa, they said just that, Iowa is an easy case because most states do not appear to have considered this means versus elements question. Remind me, what, I mean, I've read Mathis, but was that the Iowa case? Yes. Okay. And what did Justice Kagan say again as to why it is indivisible? Justice Kagan said that it is indivisible because state law, the Iowa Supreme Court, had held that the place broken into under the Iowa statute was a means and not an element. And therefore, it covered, the Iowa statute covered offenses that were broader than generic burglary. She wasn't looking at the statute. She just took what the Iowa Supreme Court said on its face. These are different means to meet one element and the elements over broad, I guess, and therefore. And so you would say, well, we don't have that kind of opinion here from the Michigan Supreme Court. And so in your view, then, all these things, tent, hotel, office, et cetera, those are alternative elements in your view? Correct, Judge Kethledge. That's the government's view is that those are alternative elements and it's a divisible statute. And I think Justice Kagan's majority opinion gets us there. And if you look at the last couple pages of the slip opinion, Justice Kagan responds in a sense to the dissenters and said this is how math should be applied going forward. And the first thing that the majority says, Justice Kagan writing for the majority, the first thing that the majority of the court says is you look for controlling state court law. And I think state Supreme Court law would be best, but perhaps there could be Michigan Courts of Appeals decisions or intermediate Courts of Appeals decisions that answered the question definitively. But we don't find that here. From the government's review of the Michigan law, and in our brief we cited, we see things that either side could find in the Michigan Court of Appeals decisions as to whether the place broken into is a means or an element. I'm sorry, go ahead and finish your point and I want to ask you a question. Thank you, Judge Kessler. I was going to move on to the next step in the majority's analysis, which is Let me ask you a question then. If one were to write a statute that was indivisible, but which someone could violate by the exact same means as the one spelled out here, what would that look like? Well, I don't think we can tell from looking at the statute itself. You're saying this is a divisible statute. Correct. Okay. If you were writing a statute that's indivisible, burglary statute that someone could violate by invading all these same spaces, what do you think that would look like? Well, it could look like this. An indivisible statute could look like this. I suppose if the legislature intended to make it indivisible, it could actually specify in the statute that the place broken into is not an element of the offense, need not be proven to the jury. So it could say that the elements of the offense are breaking and entering, entering and having intent to commit a felony. It has to be a certain kind of place. Right. Now you're arguing against your position, I guess. So in your view, the elements are you have to break and enter, you have to have this certain intent to commit a felony, and it has to be one of these enumerated places in order to commit this crime. Correct. In fact, the Michigan state prosecutor needs to allege, and the trial court judge ought to charge, and the jury has to find one theory of what the place broken into was. And it's now occurring to me that there's another way you could write a statute that would be indivisible, which is, and Justice Kagan writes about this too, if the legislature just uses a word like premises and groups all of the places together, that would be one way to write that statute as well. What do you want us to do? Do you want us to find that this is not like Mathis and therefore the sentence was correct, or you want us to send it back down to the district court to figure it out, or is there some other alternative you want us to do? Well, Judge Tyler, I think the issue has been briefed and it's ripe for this court's consideration. It is a legal issue. I think the court certainly has discretion to send it back down to give Chief Judge Yonker an opportunity to look at it in the first instance, but the government's prepared for this court to rule on the issue as well. But what would keep defense counsel, if we ruled in your favor, to go up to the Supreme Court and they would vacate it like the Sanders case? Isn't this very similar to Sanders? The legal issue, my understanding, is that it is similar to the issue in Sanders. A GVR order from the Supreme Court, though, does not express an opinion on the merits of the case. It just gives the lower court the opportunity to reconsider its opinion in light of the new precedent. Well, I think they'd do the same thing in this case is what I'm concerned about. I don't see anything to make it any different. They'd send it back down and we'd be right back to where you are now. That's certainly possible. It's certainly possible, Judge Seiler, but the Supreme Court, considering a reasoned opinion from this panel that distinguishes Mathis, might not grant review of that case or it might grant review to clarify the meaning of Mathis. I'm just speculating at this point. If, as you say, Michigan law does not provide the sort of answer that the Iowa Supreme Court opinion provided in Mathis, where does that leave us? What are we supposed to do next? The majority says— Guess? I'm sorry, Your Honor? I said guess. No, the majority provides some guidance, again, at the end of the slip opinion. What the majority says is you can also look at the statute. That's not helpful here, but the majority says that the statute set forth different minimum or maximum sentences than under Apprendi. Those would be different crimes and it would be divisible. That also doesn't help us, so we move on to the next step. Why don't we just ask the Michigan Supreme Court to decide this for us, certify it? We get a lot of these cases, and the consequences are pretty severe when somebody gets hit with one of these. We can take a shot at that and see if they'll answer it and put us all out of our difficulty here. I think that would be appropriate, Judge Kalfitz. That's certainly an action that this court could take. We've been burned once before. The book ends here. The Michigan Supreme Court could answer that question for this federal court reviewing Michigan law. To turn back to your question, Judge Gibbons, what the Supreme Court says is if the state Supreme Court or state case law doesn't provide an answer and the statute doesn't provide an answer, then you can look to the Shepard documents for a limited purpose. The limited purpose that you can look to the Shepard documents for is to determine whether the state practice is to allege the different places broken into or I guess the alternatively phrased components as an element that then would need to be proven to the jury under state law. If state law doesn't provide an answer, you can look to state practice. Here, I think that's where Mr. Ritchie loses this case. If you look at first the Michigan prosecutor practices, both in this case and also in the prosecutor's manual that's cited in our brief, Michigan prosecutors specify which of the places in 750.110 was broken into. In this case, all of them are captioned breaking and entering a building with intent. I'm referring to the felony informations now that the government filed below with its sentencing memorandum. The place is specified in all the felony informations and address is given in those felony informations. That is the charging practice. If we turn to the jury instructions, Mr. Ritchie pled guilty in all of his 750.110 cases. We don't benefit of delivered jury instructions. We look at the model jury instruction, Michigan model criminal jury instruction 25.1, lists the elements. It says the first element is breaking and entering a building. The second element is breaking and entering a building. As Mr. Nelson pointed out when he was delivering his argument, there's a footnote in the model jury instruction that allows the state trial court judge to substitute different places in if it's not a building that's at issue but a boat's at issue or a ship or a railroad car. The state court trial judge can substitute that in and I think the fact of that substitution is as good of evidence as any that they are separate elements, that the elements that are delivered to the jury under the model criminal jury instruction change based on the place that the state prosecutor charged. It doesn't seem to be much different to me than what Mathis had because it had building, structure, vehicle. It's three different things and the court said that's just a possible means, not an element. Judge Seiler, in the government's view, that goes to the difference between . . . That's Iowa's law. Michigan's not said anything. It's a state law question. It's pretty hard, your time is up, but it's pretty hard how to figure out how you would try and charge a case under either statute without the location becoming an element of the offense. Apparently, Justice Kagan found the answer to that in a particular piece of case law. A particular decision, I think it was Duncan v. State. It was the case in Iowa. Maybe one of the ironies here, and I'm speculating, but if the court will allow me to, Judge Gibbons, is that without that decision, it may be that Mathis comes out the other way because looking at the state charging documents, it might have led the court to the alternative disposition. The government respectfully asks that the court affirm the judgment of the district court. Thank you. Mr. Nelson. Thank you, your Honor. You can call me cynical if you want. I wouldn't be the first ones, but your last question, Judge Gibbons, about why the statute written this way and so on, that in my experience, criminal statutes are written in ways to make it easier to convict people. In most cases I've had where I've had to review Michigan state criminal documents, that generally what they do is they just put the whole statutory language in there. They list them all. Pardon? They list them all or several of them. And it gives them a bigger target to aim for. Yeah, but surely the jury has to find one of those in order to convict. But not unanimously, and that's the issue between means and elements that it talks about in Mathis. It doesn't have to be unanimous that one person could think it's a tent and the other person could think it's like a pickup truck cab or something? Is there a Michigan case that says not unanimously? That doesn't say that specifically, but that's . . . Well, why if you were trying this case as a judge, you wouldn't take whatever the claimed structure is and insert that into the jury instructions? I mean, it just doesn't make any sense to go talk about tents when everybody knows what you're talking about is a railroad car. Or say building when they broke into a yacht. Well . . . Seems nuts. I'm not going to defend the way prosecutors try their cases and state judges try their cases, Your Honor. Well, when you start out, you might charge the crime as it appears in the statute, but then you might intend to go about approving it only involving one particular so-called building, and by the time you got to the jury instructions, it would be the proof of the item that it is claimed to have been that becomes an element. Well, in the easy cases, and most of the cases that have arisen where someone broke into a building, someone broke into a store, someone broke into a garage, but the fact of the matter is that the Michigan Standard Criminal Jury Instructions, which are either approved by the Michigan Supreme Court or produced under the auspices of the Michigan Supreme Court, I'm not all that clear, that they say that the element is breaking into a building, and building is a broad term that covers everything, that covers all these things in the statute. It's pretty attenuated, though, to be looking at jury instructions to try to figure out what a statute means. I mean, normally, we do it all day long. We'd look at the statute, and we would ourselves construe the statute and figure out whether it's means or ends. And jury instructions, I mean, that's... Like, you know, if somebody cites a jury instruction in a federal case about what a statute means, I mean, that's not even going to slow anything down. It's not that probative. It is from the point of view that an element... And in Mathis, it's under Part 1A. I can't... The way these are printed off, I can't find the Supreme Court report or page number. But they talk about the fact, distinguishing between elements and means. It's not that a court says, this is an element, this is means. That an element is something that the jury has to agree on unanimously to convict someone. That's why I was interested if you had a case that said they could disagree on which space under this statute. I don't have a case, but it's like in Mathis again, where they talk about the fact, assault with a deadly weapon, and then it says guns, knives. Yeah, but you have an Iowa Supreme Court decision that the court didn't have to wrestle with what we're wrestling with. And it's hard for me to see how the element is building when you can break into a boat. I mean, it's just... I don't know. It's strange. What do you think about certifying? I thought you said I was under a tent. Yeah. What do you think about certifying? I would be opposed to certifying. I think the Michigan appeals courts have pretty consistently explained what the elements are of the offense, and that's what we have to live with. The U.S. Supreme Court doesn't say it has to be a Supreme Court decision. Plus, I still think the jury instructions count for something. And there's a potential in this case that if the Michigan Supreme Court were to take it, or were to make a decision, which, based on my experience, is probably somewhat unlikely, that there's a possibility of a claim of due process violation, an ex post facto type due process violation, if all the cases said it's not an element and then all of a sudden now the Michigan Supreme Court says it is. It's hard to know how he's sort of been surprised. You know? I don't know. He seems not to... The things he broke into seem to have been unoccupied but nevertheless clearly structures. That very well may be, but you don't look at the facts, you don't look at what he did, and ultimately, if the Mathis argument is not accepted, we still have to go back to the fact that, just based on the record here, that the government did not establish that they were crimes of violence. So, thank you. All right. We appreciate the argument both of you have given and we'll consider the case carefully.